

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6279-CR-HURLEY

MAGISTRATE JUDGE VITUNAC

UNITED STATES OF AMERICA )
)
)
)
v. )
)
)
SHANNON GERRAUGHTY, )
)
Defendant. )
)

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.  1.   The government is unaware of any written or recorded statements made by the defendant.

          2.   A summary of oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

3.  The defendant did not testify before the Grand Jury.

4.  The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd, Suite 700, Fort Lauderdale, FL 33394. Please call the undersigned to set up a date and time that is convenient to both parties.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.  There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  There is no information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.  There are no payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.  There are no prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

2

F.      There has not been any lineup, show up, photo spread or similar identification proceedings.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      No contraband is involved in this indictment.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is presently not aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. However, thumb prints placed on cashed checks are expected to match the defendant.

N.      There is no expert testimony that the government reasonably expects to offer at trial, with the exception of a fingerprint analyst.

P.      At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose

such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The attachments to this response are numbered pages D-1 to 21 Please contact the undersigned Assistant United States Attorney if any pages are missing.

                                         Respectfully submitted,

                                         THOMAS E. SCOTT
                                         UNITED STATES ATTORNEY

By:                           _____
                                         Roger H. Stefin
                                         Assistant United States Attorney
                                         Florida Bar No. 0287334
                                         500 East Broward Blvd, Ste. 700
                                         Fort Lauderdale, FL 33394
                                         Tel: (954) 356-7255, ex. 3558
                                         Fax: (954) 356-7336

cc:  Special Agent Daniel Tejada,
     FBI

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 23 day of October, 2000, to: Lori Barrist, Assistant Federal Public Defender, 400 Australian Ave. N., Ste. 300, Wwest Palm Beach, FL 33401.

_____
Roger H. Stefin
Assistant United States Attorney