PROB 12A  
(SD/FL 10/01)

SD/FL PACTS No. 65330

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6279-CR-HURLEY



### REPORT ON OFFENDER UNDER SUPERVISION

Name of Offender:   Shannon Gerraughty

Name of Sentencing Judicial Officer:   The Honorable Daniel T.K. Hurley, United States District Court Judge, Southern District of Florida

Date of Original Sentence: February 16, 2001

Original Offense:   Bank Fraud, in violation of Title 18 U.S.C. §1344, a Class B felony.

Original Sentence:   One (1) year and one (1) day custody of the Bureau of Prisons, followed by three (3) years supervised release. The following special conditions were imposed: 1) the defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed; 2) the defendant shall maintain full time employment and not be unemployed for a term of more than thirty (30) days; 3) the defendant shall submit to a search of her person or property conducted in a reasonable manner and at a reasonable time by the United States Probation Officer; and 4) the defendant shall pay restitution in the amount of $11,958.63.

**December 22, 2004:** Supervised release was revoked. Sentenced to Credit for Time Served followed by three (3) years supervised release. The original special conditions were re-imposed and the additional special condition imposed was : 1) the defendant shall submit to full medical disclosure as required by the United States Probation Office and sign all medical waivers required for such disclosure.

Type of Supervision: Supervised Release            Date Supervision Commenced: December 22, 2004

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

Violation Number            Nature of Noncompliance

1.                          **Violation of Mandatory Condition,** by unlawfully possessing or using a controlled substance. On or about January 14, 2005, the supervised releasee submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory. It was not confirmed by Scientific Laboratories because there was an insufficient amount of urine to be tested. The supervised releasee did sign an Admission of Drug Use Form admitting the use of cocaine.

        Furthermore, on February 1, 2005, the supervised releasee did submit a urine specimen which tested positive in our local laboratory and is pending confirmation from Scientific Laboratory.

U.S. Probation Officer Action:

    Ms. Gerraughty appeared before Your Honor on December 22, 2004 for a **Final Violation of Supervise Release**. She admitted to the violations as outlined in the petition. Her term of supervised release was revoked and she was sentenced to credit for time served and placed on supervised release for three (3) years.

    On December 27, 2004, Ms. Gerraughty reported to the probation office and was placed on the Code-A-Phone Drug Testing Program. She began her outpatient drug treatment on January 11, 2005 at Compass Health Systems. On January 14, 2005, Ms. Gerraughty submitted a urine specimen as per the Code-A-Phone Drug Testing Program. The specimen tested positive for the presence of cocaine and opiates in the local laboratory. However, Scientific Laboratories could not confirm the specimen for cocaine since there was an insufficient amount of urine for further testing. The laboratory was able to confirm the presence of Oxycodone, however, she did posses a valid prescription for this medication.

    On January 21, 2005, Ms. Gerraughty met with this officer and admitted to the use of cocaine and Xanax. She admitted that she did not have a prescription for the Xanax. She signed an **Admission of Drug Use Form** and was sanctioned to report two (2) times per week for drug testing. She was terminated from the Code-A-Phone Program and will resume her participation on March 18, 2005.

    This officer recommended to Ms. Gerraughty that she enter a residential drug treatment program. However, Ms. Gerraughty requested the opportunity to demonstrate abstinence from mood altering substances without entering a residential program. On the same date, she was also referred to the Henderson Mental Health Clinic to address her reports of depression. Ms. Gerraughty did not take the opportunity to network with the mental health clinic to address her reported needs. She continued to use illegal substances, as evidence by the positive urine specimen dated February 1, 2005.

    On February 7, 2005, Ms. Gerraughty reported to the probation office. When confronted with the positive drug test, she did admit to constantly being in contact with cocaine. She denied the inhalation of cocaine but did admit to ingesting cocaine orally. She also admitted that her fiancee has been using cocaine with her. Ms. Gerraughty is being required to enter and complete the ninety (90) day residential drug treatment program. At the conclusion of our appointment, Ms. Gerraughty was instructed to report immediately to her scheduled individual counseling session at Compass Health Systems, however, she refused to go, stating that since she was going into residential treatment she did not need to attend outpatient treatment. At the beginning of the interview, Ms. Gerraughty provided a urine specimen which was extremely diluted. At the conclusion of the interview, it was requested that she submit another specimen but she refused to provide another specimen as instructed.

    Ms. Gerraughty is currently the primary caretaker of her two young children. Her continued drug use places these children in serious risk of abuse and neglect. Ms. Gerraughty needs to address her substance abuse issues in a realistic manner by attending and completing the intensive residential drug treatment program. She is scheduled to begin the residential program on Monday, February 14, 2005.

PROB 12A  
(SD/FL 10/01)                                                                                               SD/FL PACTS No. 65330

     Ms. Gerraughty appeared before Your Honor and told the Court that she had changed her lifestyle and had surrounded herself with a positive support system. Obviously this has not occurred as evidenced by her continued drug use and her admissions that her fiancee is also using cocaine. Ms. Gerraughty remains unemployed and has failed to make any effort to seek out suitable employment.

     Ms. Gerraughty has an outstanding restitution balance, but she will not be able to work during the first sixty (60) days of her residential placement. It is being requested that her payments be waived until she obtains employment.

     If Your Honor is in agreement with the actions taken by this officer, please affix your signature below.

Respectfully submitted,

by *[signature]*

Barbra Somoano  
U.S. Probation Officer  
Phone: 954-769-5576  
Date: February 7, 2005

[✓]   Concur with action(s) taken by the U.S. Probation Officer  
[ ]   Submit a Request for Modifying the Conditions or Term of Supervision  
[ ]   Submit a Request for _ Warrant or _ Summons

_____  
Signature of Judicial Officer

_____  
Date: February 15, 2005