UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6279-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA

Plaintiff

vs.

SHANNON GARRAUGHTY

Defendant.

_____/



FILED by _____ D.C.

JUN 2 1 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### PRETRIAL DETENTION ORDER

THIS CAUSE is before the Court for consideration of the issue of detention pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, effective December 1, 2002, and under 18 U.S.C. § 3143(a). The Defendant is charged with violating supervised release by: (1) unlawfully possessing or using a controlled substance (on January 14, February 1, 3, and May 4, 2005, Defendant submitted urine samples that tested positive for cocaine); (2) failing to notify the probation office of a change in residence; and (3) failing to participate in an approved treatment program. The Defendant left a residential treatment program at the Broward Alcohol and Recovery Center on April 23, 2005, and was unsuccessfully discharged from the program as a result.

Pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3143(a), the Court has considered the issue of detention, and based upon all of the evidence and the totality of the circumstances, the Court orders the Defendant, SHANNON GARRAUGHTY, detained until further order of the Court. The Court finds probable cause to believe that SHANNON GARRAUGHTY violated the conditions of her



supervised release.

Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, effective December 1, 2002, provides that the magistrate judge may release or detain a person charged with violating supervised release under the provisions of 18 U.S.C. § 3143(a).  Fed. R. Crim. P. 32.1(a)(6).  Rule 32.1(a)(6) places the burden of establishing that the person will not flee or pose a danger to any other person or to the community on the Defendant.  Fed. R. Crim. P. 32.1(a)(6).  Section 3143(a) *mandates* that the magistrate judge shall order that the defendant be detained, unless the judge finds by "clear and convincing" evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(a) or (c).  See 18 U.S.C. § 3143(a).

In this case, the Court finds that the Defendant has not met her burden of proving by "clear and convincing evidence" that she will not flee or pose a danger to any other person or to the community if released under any condition or combination of conditions set forth in 18 U.S.C. § 3142(c).  On the contrary, the Court finds that the instant supervised release violation, the Defendant's history of flight, and her failure to successfully complete a treatment program, indicate that the Defendant is a risk of flight.  Under these circumstances, and given the dictates of 18 U.S.C. § 3143(a), the Court orders the Defendant, SHANNON GARRAUGHTY, detained until further order of the Court.  Accordingly, it is hereby

IT IS HEREBY ORDERED that the Defendant be remanded to the custody of the U.S. Marshals.

The Court also directs that the Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the

United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 20 day of June 2005.

ANN E. VITUNAC
Chief United States Magistrate Judge

Copies to:

U.S. District Judge Daniel T.K. Hurley
AUSA Roger Stefin
AFPD Robin Rosen-Evans
U.S. Probation Officer Richard Samson
U.S. Marshal